**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPH GOSLINE,

      Plaintiff-Appellant,

v.

WILLIAM C. SISNEROS, in his
individual capacity; JOHN T. DUFF,
in his individual capacity;

      Defendants-Appellees,

NEW MEXICO FINANCE
AUTHORITY; ROBERT CASWELL
INVESTIGATIONS,

      Defendants.

No. 09-2087
(D.C. No. 1:07-CV-01274-MCA-RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Joseph Gosline appeals from the grant of summary judgment entered in favor of defendants on his claims brought under 42 U.S.C. § 1983, based on the involuntary termination of his employment with defendant New Mexico Finance Authority ("NMFA"). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

We provide a brief recitation of the facts relevant to the issues raised on appeal. Mr. Gosline was employed as the Chief Financial Officer ("CFO") for NMFA, a quasi-governmental instrumentality established by New Mexico statute to manage and invest funds related to state and municipal bonds. Defendant Sisneros was NMFA's Chief Executive Officer during the relevant period. Defendant Duff was the Chief Operating Officer.

In the summer of 2007, it was discovered that a computer virus had infected NMFA's computer system, so the information technology ("IT") supervisor began monitoring computer usage. Eventually the IT supervisor hired defendant Robert Caswell Investigations ("RCI") to investigate possible computer misuse. Mr. Gosline's computer revealed the presence of email with inappropriate sexual content. On November 2, 2007, Mr. Gosline was interviewed by an RCI representative about his use of his work computer. Mr. Gosline also took a polygraph examination concerning financial improprieties, which he "passed." Notwithstanding the successful polygraph,

-2-

Mr. Gosline was immediately placed on administrative leave based on information that he had misused his work computer.

Two days earlier, on October 31, 2007, Mr. Gosline had cooperated in an investigation conducted by the Environmental Protection Agency ("EPA") into an anonymous complaint that a senior NMFA official (not Mr. Gosline) had misappropriated agency funds. Shortly after the interview, the EPA decided that no further investigation was warranted.

A pretermination hearing was held on December 6, 2007. On December 11, 2007, Mr. Gosline's employment was terminated for violating the computer-use policy by using his work computer to visit dating sites and to solicit sexual liaisons. Mr. Sisneros determined that progressive discipline was not appropriate due to Mr. Gosline's position of authority and the nature of his actions. Mr. Gosline disputed that the computer-use policy was ever implemented.

Mr. Gosline sued his former employer, NMFA, and supervisors Sisneros and Duff, as well as RCI, the investigating agency. He brought numerous claims under both federal and state law. On March 30, 2009, the district court issued three thorough and comprehensive orders granting summary judgment to defendants on the federal claims. The court also dismissed the state-law claims without prejudice, declining to exercise jurisdiction over them.

Mr. Gosline appeals the district court's ruling that he did not have a constitutionally-protected property interest in his employment and that defendants Sisneros and Duff were entitled to qualified immunity on that claim. He further argues that the district court improperly applied the summary-judgment standard because the court did not construe all inferences in his favor and did not recognize that there existed material disputed facts. Specifically, he maintains that the court should have inferred that the two-day interval between his EPA investigative interview and his placement on administrative leave demonstrates that defendants Sisneros and Duff had an improper motive for terminating him. Mr. Gosline has abandoned on appeal all other claims, including all claims against defendants NMFA and RCI.

*Standards of Review*

"We review de novo the district court's summary judgment decision, applying the same standard as the district court." *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009) (quotation omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When reviewing a grant of summary judgment on appeal, we construe all factual inferences in favor of the party against whom summary

judgment was entered." *Barrett v. United States*, 561 F.3d 1140, 1145 (10th Cir.), *cert. denied*, 130 S. Ct. 396 (2009).

*Analysis*

The pivotal issue is whether Mr. Gosline had a constitutionally protected property interest in his continued employment. "[D]ischarge from employment is actionable under § 1983 if an employee possesses a protectable property or liberty interest in his employment. In the employment context, a property interest is a legitimate expectation in continued employment. We determine whether such a property interest exists by looking at state law." *Hesse v. Town of Jackson*, 541 F.3d 1240, 1245 (10th Cir. 2008) (citations and quotations omitted). Therefore, we apply the law of New Mexico to determine whether Mr. Gosline had a property interest in his continued employment.

Under New Mexico law, "[e]mployment without a definite term is presumed to be at will." *Trujillo v. N. Rio Arriba Elec. Coop, Inc.*, 41 P.3d 333, 341 (N.M. 2001). At-will employment "can be terminated by either party at any time for any reason or no reason, without liability." *Hartbarger v. Frank Paxton Co.*, 857 P.2d 776, 779 (N.M. 1993). Mr. Gosline relies on an exception to this general rule: "where the facts disclose the existence of an implied employment contract provision that limits the employer's authority to discharge." *Trujillo*, 41 P.3d at 341 (quotation omitted). Factors that may "support[] an implied contract [include] an employee handbook, . . oral representations, . . the conduct

of the parties, or . . . a combination of representations and conduct." *Hartbarger*,

857 P.2d at 780.

The NMFA personnel manual states that employment is at-will. Section 1.2

of the manual reads as follows:

> Employment with NMFA is "at-will" employment. . . . Nothing in
> this policy confers on an employee any property rights to their [sic]
> position . . . . While the Authority generally adheres to progressive
> discipline, it is not bound or obligated to do so. Again, in the sole
> discretion of the Authority, the employee may be terminated at any
> time, with or without notice or cause. As an at will employee, the
> employee is not guaranteed, in any manner, that he or she will be
> employed for any set period of time.

Aplt. App. at 316-17.

Mr. Gosline contends that the district court ignored Section 8.11 of the

personnel manual. Section 8.11 provides, in relevant part:

> [T]he Authority will generally use a system of progressive discipline,
> except that the nature and severity of the discipline will be
> determined on an individual basis according to the particular
> circumstances. Depending upon the seriousness of the issue being
> addressed, any and all of the steps outlined below may be bypassed
> during the disciplinary process. . . .
>
> . . . .
>
> . . . The Executive Director will decide whether there are *reasonable*
> *grounds* to support discharging the employee and will communicate
> his/her decision to the employee in writing usually within three days
> of the pre-termination meeting.

*Id.* at 320-22 (emphasis added). Relying solely on the reference to "reasonable

grounds" in the final quoted sentence, Mr. Gosline argues that his employer was

required to have "reasonable grounds" to terminate him, thus creating an implied contract of employment. But Mr. Gosline disregards the preceding quoted sentence that explicitly permits the NMFA to bypass any or all of the described disciplinary procedures at the discretion of the NMFA.

New Mexico law requires "that the totality of the parties' relationship, circumstances, and objectives will be considered to overcome the presumption that the employment contract was terminable at will." *Newberry v. Allied Stores, Inc.*, 773 P.2d 1231, 1234 (N.M. 1989). Section 8.11's reference to "reasonable grounds" in a discharge decision does not create an implied employment contract in the face of the manual's explicit statements that employment is at-will and the disciplinary process can be bypassed entirely at the employer's discretion. Similarly, the manual's clear language stating that employment is at-will, even though a pretermination hearing could be provided at the NMFA's discretion, does not give rise to an inference that granting an employee such a hearing changed the at-will nature of the employment. Mr. Gosline has not "shown that the employer has demonstrated an intent to restrict its power to discharge." *Hartbarger*, 857 P.2d at 782. Accordingly, the district court correctly determined that Mr. Gosline did not have a protected property interest in his employment.

Mr. Gosline also contends that there is an ambiguity in the personnel manual when reading Sections 1.2 and 8.11 together. As our discussion above demonstrates, the manual clearly states that employment is at-will and the

employer has discretion to terminate an employee without "reasonable grounds." Therefore, the district court correctly held as a matter of law that the personnel manual was not ambiguous on the issue of at-will employment. *See Mark V, Inc. v. Mellekas*, 845 P.2d 1232, 1235 (N.M. 1993) ("The question whether an agreement contains an ambiguity is a matter of law to be decided by the trial court.").

We turn to Mr. Gosline's argument that defendants Sisneros and Duff were not entitled to qualified immunity on his property-right claim. The doctrine of qualified immunity provides a defendant immunity from suit "unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, __ U.S. __, 129 S. Ct. 808, 816 (2009). Because Mr. Gosline "failed to make a showing that [he] had a protected property interest in continued employment, [he] failed to meet [his] burden to show defendants violated a clearly established right." *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 578 (10th Cir. 1996). Consequently, defendants Sisneros and Duff are entitled to qualified immunity on that claim.

Next, we consider Mr. Gosline's claim that his First Amendment free-speech rights were abridged because he was fired in retaliation for speaking to the EPA investigator. He claims that the evidence that he was suspended two days after meeting with the EPA investigator shows that he was fired for improper reasons. The scant record evidence pertaining to the investigation indicates

(1) that it was not related to Mr. Gosline's employment or suspension, (2) that his cooperation with the EPA did not implicate his supervisors or anyone else at NMFA, and (3) that nothing he told the EPA investigator could have been interpreted as engendering hostility. We have held in the employment-discrimination context that "[c]lose temporal proximity between the employee's complaint and the adverse employment action is a factor in determining whether the employer's proffered reason is a pretext for retaliation, [but] close temporal proximity . . . is not sufficient by itself to raise an issue of fact." *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1206 (10th Cir. 2000). Accordingly, we conclude that the two-day interval between the October 31 EPA interview and the November 2 RCI interview resulting in Mr. Gosline's suspension, does not by itself demonstrate an improper motive.

Moreover, Mr. Gosline does not challenge on appeal the district court's determination that his First Amendment claim failed because, during the EPA interview, he was speaking pursuant to his official duties as CFO. Therefore, the court concluded, pursuant to *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006), that his speech did not enjoy First Amendment protection. By electing not to challenge the district court's application of *Garcetti*, Mr. Gosline has waived any objection to the court's holding that his statements to the EPA are not actionable. *See Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 724 (10th Cir. 2008) (holding appellants' failure to challenge district court's

independent ground for decision "waived any objection to the district court's ruling on this ground").

Finally, we address Mr. Gosline's claim that the district court did not apply the correct standards on summary judgment. He argues that the court failed to draw all inferences in his favor and failed to recognize that material facts were in dispute on the following points: (1) whether his employer had reasonable grounds to terminate him under Section 8.11 of the personnel manual; (2) whether the NMFA had implemented or enforced a computer-use policy; (3) whether his suspension occurring two days after his EPA interview gave rise to an inference that he was fired for improper reasons; (4) whether the NMFA's decision to hold a pretermination hearing gave rise to an inference that his employment was not at-will; and (5) "[i]f the purpose of the polygraph examination was to uncover financial improprieties, the fact that Gosline passed the polygraph and the NMFA still placed him on administrative leave should have led the Court to infer that the mere fact that Gosline was implicated in the EPA investigation was the true reason for placement on leave and eventual termination," Aplt. Br. at 17 (record citation and quotation omitted).

As discussed above, the district court correctly decided the issue of at-will employment as a matter of law based on the undisputed facts. Because Mr. Gosline's employment was at-will, he could have been terminated for any reason or no reason, so whether he violated any computer-use policy is irrelevant.

-10-

Similarly, our conclusion that Mr. Gosline waived his challenge to his free-speech claim forecloses his arguments concerning his EPA interview.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge